PEOPLE, PLAINTIFF AND APPELLEE, *v.* VÉLEZ, DEFENDANT AND APPELLANT.

Appeal from the District Court of San Juan, Section 2, in a Prosecution for Breach of the Peace.

No. 1198.—Decided December 21, 1917.

BREACH OF PEACE—STOLEN PROPERTY—PURSUIT OF THIEF.—Conceding for the sake of argument that one may follow a thief into the house of a neighbor and there wrest from him the stolen property without criminal responsibility because of the absence of guilty intent, yet if the pursuer resort to the use of deadly weapons without apparent justification in order to accomplish his purpose, thereby disturbing the tranquility of the home, he is guilty of a breach of the peace.

The facts are stated in the opinion.
*Mr. E. H. F. Dottin* for the appellant.
*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

José Vélez took $5 in bills out of his pocket, transferred the same from one hand to the other and was fishing about for

silver in order to pay Narciso Rosado a debt of 25 cents when Rosado seized the bills and took to his heels, finding refuge in the house of Fidel Correa.

The testimony for the prosecution shows that Vélez followed Rosado into the house and that a scuffle ensued, resulting in the breakage of more or less bric-a-brac and disturbing the peace and tranquility of Francisca Osorio, wife of Correa, who, being in deshabille at the moment, promptly summoned her husband.

Fidel says that upon his arrival the two men were clinched; that they were fighting; that Narciso was shielding himself with a chair, and that witness, finding his presence and his request that the apartment be vacated alike ignored, stepped into another room, picked up a revolver which he kept for the defense of his home and fired into the air, wounding José Vélez. He does not attempt to reconcile the circumstance of a wound in the leg of the intruder with that of firing into the air, but leaves this matter entirely to the imagination of the court. His statement, therefore, is at least open to the interpretation that the space within the room was not a vacuum.

At the close of the cross-examination by the defense he also mentions the interesting detail that Vélez was slashing at Rosado with a razor, which apparently new bit of information was thereupon emphasized by the *fiscal* on redirect. Incidentally, at this point in the testimony of this witness it is intimated that the chair was being used by Rosado as a club rather than as a shield.

Vélez says that he and Correa were not on friendly terms on account of a debt of $3 due Correa, who denies the existence of both the enmity and the debt. Vélez also states that he had promised to pay this alleged indebtedness when he returned to work and that Correa had replied "that he knew that he was going to cheat him, but that he should pay it to him anyhow."

There is other testimony which we need not discuss.

Vélez, after a trial *de novo* in the district court, was convicted of a breach of the peace and was sentenced to two months in jail and costs. What happened to Correa and Rosado does not appear nor of course is it material. We mention it merely in connection with the third assigment of error, *infra,* which is wholly without merit. Appellant insists that:

"*First.*—The trial court, in defendant's opinion, erred in rendering a judgment against defendant, because it was proved at the trial that the acts committed by the defendants were very different from those charged, and that there was a total absence in José Vélez of any *malice* or *intent* to breach the peace.

"*Second.*—The court erred in sentencing defendant José Vélez for a breach of the peace, as it was shown at the trial that the acts committed by the defendant were so committed in defense of his property and do not amount to a breach of the peace.

"*Third.*—The court erred in sentencing José Vélez for a breach of the peace, as it was shown at the trial, through unanimous testimony, that others were the guilty parties, but not the accused José Vélez."

We need not split hairs at this time over the exact degree of force that a person may lawfully use to recover personal property wrongfully taken by another. Reference without comment may be made to a note to *Kirby* v. *Foster,* 14 L. R. A. 317, and 5 C. J. 775, as a starting point for further investigation along this line. Conceding for the sake of argument that one may follow a thief into the house of a neighbor and there wrest from him stolen property without criminal responsibility for a possible disturbance of the peace because of the absence of guilty intent, yet it does not follow that the pursuer in such a case may, without apparent justification or excuse, resort to the use of deadly weapons in order to accomplish his purpose.

The trial judge may, and presumably did, believe the testimony of Correa although no other witness saw the razor and defendant denies having had it, as to which he is corroborated to a certain extent, and the manner in which this feature of the case is developed detracts from the plausibility of the nar-

rative as told by Fidel. The question of self-defense is not involved, the theory of the defense based on the testimony of the accused and others being that defendant did not enter the house at all. *Non constat* that the unnecessary use of the razor did not lead directly to the swinging of the chair and the consequent destruction of ornamental objects and disturbance of the peace.

We are constrained to hold, however, that the penalty imposed is somewhat excessive. Defendant, it seems, has already passed some time in the hospital if not in jail. In the circumstances a fine of $5 with the alternative of imprisonment if not paid, would suffice, we think, to satisfy the ends of substantial justice.

The judgment appealed from should be modified accordingly and as modified affirmed.

*Modified and affirmed.*

Justices Wolf and del Toro concurred.
Chief Justice Hernández and Justice Aldrey absent.